UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7456 CAS (PJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Thomas W. McCormick, et al. v. Amir Construction Inc., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) MEHRAN SHAHVERDI AND MSH DESIGN, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS (filed 06/17/08)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

**I.     INTRODUCTION**

On October 17, 2005, Thomas W. McCormick, as trustee and on behalf of the Unity Family Trust, F.C. Sands, and C. Sands (collectively, the "Unity Trust"), filed suit against William Hablinski Architecture and William Hablinski (collectively, "WHA"), MSH Designs and Mehran Shahverdi (collectively, "MSH"), for, inter alia, copyright infringement. WHA, joined by MSH, then moved to dismiss the Unity Trust's complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, for partial summary judgment pursuant to Fed. R. Civ. P. 56(c). By order dated January 13, 2006, the Court granted WHA's motion to dismiss the Unity Trust's complaint for lack of subject matter jurisdiction based on the Court's finding that the Unity Trust had no standing to bring a copyright infringement claim because it possessed no interest in the copyrighted drawings and plans for a custom-designed residence ("the Sands residence"). The Unity Trust then appealed the Court's January 13, 2006 order to the Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the judgment of this Court.

MSH now seeks an award of attorneys' fees against the Unity Trust pursuant to Fed. R. App. P. 38, or, in the alternative, pursuant to 17 U.S.C. § 505 of the Copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7456 CAS (PJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Thomas W. McCormick, et al. v. Amir Construction Inc., et al. | | |

Act of 1976, 17 U.S.C. §§ 101 et seq.[1]  MSH contends that such an award is appropriate because the Unity Trust did not have a reasonable basis for asserting that it was the exclusive licensee of the drawings and plans for the Sands residence.[2]

The Court dismissed the complaint based on lack of subject matter jurisdiction over the action.  As such, this Court also lacks the power to determine that MSH is the "prevailing party" for purposes of section 505.  See 17 U.S.C. § 505.  Indeed, when an action is dismissed for lack of subject matter jurisdiction, there is no "prevailing party" for purposes of section 505.  See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (stating that a district court cannot rule upon the merits of a claim after determining that it lacks subject matter jurisdiction); W.G. v. Senatore, 18 F.3d 60 (2d Cir. 1994) (holding that where a court lacks subject matter jurisdiction over a claim, it also lacks jurisdiction to award attorneys' fees after such claim is dismissed); Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164-65 (1st Cir. 2007) (stating that when a party obtains dismissal for lack of subject matter jurisdiction, it has not prevailed on the merits, and may not be considered a prevailing party for purposes of the Copyright Act, and therefore cannot invoke section 505).

However, the Court finds that MSH is entitled to attorneys' fees under Fed. R. App. P. 38.  Rule 38 provides that

/ / /
/ / /

---

[1] On June 11, 2008, the Ninth Circuit Court of Appeals, in response to WHA's and MSH's unopposed motion to transfer, ordered the matter of attorneys' fees to be remanded to this Court for decision.  Docket No. 58.  Accordingly, this Court may decide whether MSH is entitled to attorney's fees under Fed. R. App. 38, or, in the alternative, under the Copyright Act.  As discussed further infra, the Court concludes that MSH is entitled to fees under Fed. R. App. P. 38.  However, to the extent that this Court lacks the authority to award fees thereunder, this order should be considered to be a report and recommendation.

[2] The Court is mindful that Shahverdi's wrongful conduct, namely making unauthorized use of the copyrighted drawings for sale to infringers, is the genesis of this and all related litigation, and absent the frivolous nature of plaintiff's claim herein, would decline to award any monies to MSH.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7456 CAS (PJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Thomas W. McCormick, et al. v. Amir Construction Inc., et al. | | |

/ / /

>If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38. The Ninth Circuit considers an appeal frivolous "when the result is obvious, or the appellant's arguments of error are wholly without merit." Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir. 1984) (internal citations omitted).

The Court finds that the result of the Unity Trust's appeal was obvious, and its arguments on appeal were without merit. The Unity Trust did not have a reasonable basis for asserting that it was an exclusive licensee. The Copyright Act requires that the transfer of an exclusive license be in writing. 17 U.S.C. § 204(a). The only relevant writing in this case was the written contract between WHA and the Unity Trust for the construction of the Sands residence (the "Agreement"). As stated by the Ninth Circuit, the "straightforward language" of that Agreement "forclose[d] [the Unity Trust's] argument" that it had any interest in the copyright at issue here. WHA's Request for Judicial Notice, Ex. 3 (Ninth Circuit's Order of May 19, 2008) at 4. Indeed, the Unity Trust could not identify any provision in the Agreement that could reasonably be construed to convey an exclusive license.

The Unity Trust did not challenge MSH's calculation of its attorneys' fees. Therefore, MSH is entitled to attorneys' fees of $15,396, which it incurred on appeal, and in filing the instant motion.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |